## THE STATE v. J. M. WATSON.

1. An appeal by the State must be dismissed for want of jurisdiction, unless a sufficient recognizance was taken from the defendant in the court below. Article 723, of the Code of Criminal Procedure, (Paschal's Digest, Article 3187,) is imperative, and this court can no more dispense with its requirements, at the instance of the State, than at that of the defendant.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

A recognizance was entered into by the appellee and sureties, but it named no offense, and merely alluded to a "criminal accusation" pending against him. The indictment was an attempt to charge him with an assault with intent to murder. On motion it was quashed, and hence the appeal sought by the State.

*Parsons & Jones*, for the appellee, moved that the appeal be dismissed for want of a sufficient recognizance.

No brief for the State has reached the Reporter.

MORRILL, C. J.—We are called upon by the Attorney General to overrule the decision of this court, reported on page 203, of the 23 Texas Reports, wherein it is decided that the appeal will be dismissed, unless the provisions of Art. 723, of the Criminal Procedure, are complied with.

We should be authorized to hear and listen to the arguments of the Attorney General if we were authorized to legislate, but as our office is simply to adjudicate upon the laws as they exist, and as the statute is imperative, we have no power to disregard the requirements of the statute, or to set it aside as trivial, productive of bad consequences, or for any other cause. When the statute

declares that " the defendant shall be required to enter into recognizance to appear before the district court to abide the judgment of the Supreme Court," when either the defendant or State appeals from a judgment of the district court, the meaning of this requisition is obvious, and not liable to an ambiguous construction. We would have the same right to entertain the appeal should the defendant appeal without the recognizance, as we would in this case. Whenever a party appeals from a judgment of the district court to this court, either on the criminal or civil side of the docket, he must comply with the statutory requirements, in order that this court may have jurisdiction.

The District Attorney had ample power to require the defendant to enter into a recognizance, or in default thereof, to commit him to jail, when he gave notice of appeal, and having neglected to do so, he has not properly brought the case before us.

It is to be further considered that Art. 722, of the Code of Criminal Procedure, which requires the defendant to enter into a recognizance when he appeals, was passed on the twenty-sixth of August, 1856, and that Art. 723, requiring the same thing to be done when the State appealed, was passed fifteenth of February, 1858. It is therefore evident that this last mentioned act, which is the subject of comment in this case, received due consideration by the Legislature.

The Attorney General supposes that this court has the same power to proceed and give judgment in this case, that the grand jury had to find an indictment without the arrest of the defendant.

It must be recollected that an indictment partakes of the nature of a petition in a civil cause, and is the basis of process to be issued by the officers of the court and executed.

If the Legislature had provided that a defendant, in a case of misdemeanor, could be cited as in a civil cause, and that an appeal from the District Court could transfer jurisdiction of the parties, we could take jurisdiction herein.

But to pronounce a judgment in a cause where either party thereto is not before the court, in the way and manner pointed out by the Legislature, either in a justice court, a district court or this court, either in a civil, criminal or *quasi* criminal cause, would be null.   The appeal is dismissed.

Appeal dismissel.